UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ROY MOSLEY,                                                                                                  PETITIONER

V.                                                                         CIVIL ACTION NO. 3:21-CV-394-TSL-RPM

WARDEN STEVEN
REISER,                                                                                                     RESPONDENT

# **ORDER**

Before the Court is a motion by petitioner Roy Mosley ("Mosley"), proceeding *pro se*, to compel respondent Warden Steven Reiser to provide him with "all discovery," including but not limited to "program statement 5270.09 subsection 541.5 (Incident Report), Subsection, 541.7 (UDC) Unit Disciplinary Committee and Subsection 541.8 DHO (Disciplinary Hearing Officer) finding and sanctions." Doc. [6].

As a threshold matter, the instant case arises under Section 2241. Doc. [1]. Since Mosley has filed such a petition, his case falls comfortably within the scope of Habeas Rule 1(b). *Fogleman v. Hubbard*, No. 1:20–CV–12–HSO–RPM, 2021 WL 5001423, at *1 (S.D. Miss. Oct. 21, 2021) (collecting cases). Therefore, the Court will apply the Habeas Rules here.

In the habeas context, a petitioner is not "entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Habeas discovery is narrower than discovery under the Federal Rules of Civil Procedure. *Id.* (quotation omitted) ("[W]e concluded that the 'broad discovery provisions' of the Federal Rules of Civil Procedure did not apply in habeas proceedings."). *See also Sixta v. Thaler*, 615 F.3d 569, 571 (5th Cir. 2010) (noting that the "Habeas Rules control" when in conflict with Federal Rules of Civil Procedure). Under Habeas Rule 6, a

1

petitioner is only entitled to habeas discovery upon (i) demonstrating "good cause" and (ii) specifying the discovery needed. Habeas Rule 6(a)–(b). A petitioner demonstrates "good cause" where the "specific allegations before the court show reason to believe that . . . [he] may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief.'" *United States v. Fields*, 761 F.3d 443, 478 (5th Cir. 2014) (quoting *Bracy*, 520 U.S. at 904). However, "[a] court may deny a petitioner's request for discovery 'where the petitioner provides no specific evidence that the requested discovery would support his habeas corpus petition.'" *Fogleman*, 2021 WL 5001423, at *1 (quoting *Pizzuti v. United States*, 809 F. Supp. 2d 164, 176 (S.D.N.Y. 2011)).[1]

Here, Mosley failed to put forth any reasons why the above-mentioned discovery, if provided, will assist him in demonstrating that he is entitled to habeas relief. *Fogleman*, 2021 WL 5001423, at *1. *See also Touizer v. U.S. Att'y Gen.*, No. 21–10761, 2021 WL 3829618, at *2 (11th Cir. Aug. 27, 2021). For this reason, his motion fails.

**IT IS THEREFORE ORDERED AND ADJUDGED**, that Mosley's [6] motion for discovery is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 27th day of April 2022.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE

---

[1] Since the State has not filed an Answer to the habeas petition, Habeas Rule 5 does not provide a basis for Mosley to receive any documents. *Sixta*, 615 F.3d at 571.