UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ROY MOSLEY #10585-424                                                                PETITIONER

VERSUS                                                     CIVIL ACTION NO. 3:21-cv-394-TSL-RPM

WARDEN STEVEN REISER                                                                RESPONDENT

**REPORT AND RECOMMENDATIONS**

I.   BACKGROUND

This matter is before the Court for consideration of Roy Mosley's ("Petitioner") Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241. Doc. [1]. Petitioner, proceeding pro se, is an inmate of the Federal Bureau of Prisons. He filed this action while incarcerated at the Federal Correctional Complex in Yazoo City, Mississippi. *See St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("[J]urisdictional facts must be judged as of the time the complaint is filed[.]"); *see also Santillanes v. U.S. Parole Comm'n*, 754 F.2d 887, 888 (10th Cir. 1985) ("It is well established that jurisdiction attaches on the initial filing for habeas corpus relief[.]").

On December 5, 2002, the United States District Court for the Northern District of Illinois sentenced Petitioner to a 360-month term of imprisonment with five years of supervised release. In September 2019, he was placed in home-confinement through the First Step Act's pilot program for eligible elderly offenders, known as the Elderly Offender Home Detention Program. *See* 34 U.S.C. § 60541(g). In February 2020, he was arrested in Georgia for driving under the influence. Doc. [15-3]. This prompted his return to Bureau of Prisons' custody for violating the terms of his home-confinement. In his petition, Petitioner argues the Bureau of Prisons violated his due process rights by failing to follow its disciplinary procedures after the agency learned of

his release violation. Doc. [1, 21]. He asks the Court to reinstate his home-confinement placement based on the Bureau of Prisons' alleged failure to adhere to its own disciplinary regulations and pursuant to the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"). *See* 18 U.S.C. § 3624(c)(2). Respondent argues that the Bureau of Prisons' placement decisions, including home-confinement, are within the sole discretion of the agency. For that reason, Respondent argues that no denial of relief exists for the Court to review under a habeas petition or the CARES Act. Doc. [15].

## II. APPLICABLE LAW

A petitioner may attack the manner in which his sentence is being executed pursuant to 28 U.S.C. § 2241. *United States v. Cleto,* 956 F.2d 83, 84 (5th Cir.1992). To prevail, a habeas corpus petitioner must show that he is, "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c). Additionally, a court evaluates a petition presented by a pro se petitioner under a more lenient standard than it would apply to a petition submitted by counsel. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## III. DISCUSSION

On the face of the habeas petition, Petitioner does not challenge the Bureau of Prisons' execution or calculation of his federal sentence. He merely disputes the revocation of his home-confinement placement, which neither implicates the execution nor calculation of his federal sentence. So, a habeas petition is not the proper vehicle to challenge a Bureau of Prisons program decision. *See Melot v. Bergami*, 970 F.3d 596, 599 (5th Cir. 2020). Additionally, § 2241 cannot provide the requested relief because Petitioner seeks placement in home-confinement. The Court lacks authority to order such relief. *See Himmel v. Upton*, 476 F. Supp. 3d 424, 426 (N.D. Tex. 2020); *see also Cheek v. Warden of Fed. Med. Ctr.*, 835 F. App'x 737, 739 (5th Cir. 2020) (holding that "the pandemic did not create judicial authority to grant home confinement").

The Fifth Circuit recently explained: "It is the [Bureau of Prisons] and the Attorney General who have the discretion to consider the appropriateness of home release based on certain statutory and discretionary factors. No inmate has a constitutional right to be housed in a particular place or any constitutional right to early release." *Cheek*, 836 F. App'x at 740. Petitioner challenges prison procedures; however, habeas relief is not available to review such challenges. Consequently, a § 2241 habeas petition is not the proper vehicle for such claims; and this Court lacks jurisdiction to consider the petition or grant the relief requested.[1]

Although the petition lacks a sound basis in habeas, the court declines to address whether Petitioner has stated a cognizable civil rights claim pursuant to *Bivens*. If Petitioner wishes to raise a due process claim related to his disciplinary proceedings, that claim should be brought in a separate civil action.[2] *Brown v. McConnell*, 2021 WL 5751450, at *1 (5th Cir. Dec. 2, 2021); *see also Serio v. Members of La. State Bd. of Pardons*, 821 F.2d 1112, 1119 (5th Cir. 1987); *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). The Fifth Circuit explained a: "habeas petition 'is the proper vehicle to seek release from custody,' while a civil rights suit pursuant to 42 U.S.C. § 1983 for a state prisoner or under *Bivens* for a federal prisoner is 'the proper vehicle to attack unconstitutional conditions of confinement and prison procedures.'" *Melot*, 970 F.3d at 599 (quoting *Carson v. Johnson*, 112

---

[1] Although the Fifth Circuit in *Melot* concluded that only the Bureau of Prisons had authority to make program eligibility determinations, the Court left the door open to a narrow dispute. It noted: "[a] challenge to the BOP's or Attorney General's interpretation of the statute would make judicial review appropriate." *Melot v. Bergami*, 970 F.3d 596, 599–600 (5th Cir. 2020). Here, Petitioner asserts no such claim.

[2] A *Bivens* action is controlled by the applicable state statute of limitations. The applicable Mississippi statute of limitations period is three years. See *Rankin v. United States*, 556 F.App'x 305, 310 (5th Cir. 2014). Petitioner was transferred back into Bureau of Prisons' custody, at the earliest, around February 2020.

F.3d 818, 820 (5th Cir. 1997)). Petitioner challenges prison procedures, as they applied to him following his home-confinement violation. So, Petitioner seeks the improper vehicle for relief.

## RECOMMENDATION

The undersigned recommends that Plaintiff Roy Mosley's 28 U.S.C. § 2241 Writ of Habeas Corpus be dismissed with prejudice for lack of subject matter jurisdiction. Petitioner also filed a Motion for Injunctive Relief, which reiterates the same issues in his petition. Doc. [21]. It is further recommended that this motion be denied.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court.  A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive, or general objections.  Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties.  A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court.  Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

IT IS THEREFORE ORDERED AND ADJUDGED, this the 30th day of September 2022.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE