```
                    UNITED STATES DISTRICT COURT
                  SOUTHERN DISTRICT OF MISSISSIPPI
                         NORTHERN DIVISION

ROY MOSLEY, #10585-424                                    PETITIONER


VS.                                CIVIL ACTION: 3:21CV394-TSL-RPM


STEVEN REISER, WARDEN                                     RESPONDENT
```

ORDER

This cause is before the court on the objections of petitioner Roy Mosley to the September 30, 2022 report and recommendation issued by United States Magistrate Judge Robert P. Myers. By his objections, he complains that the magistrate judge failed not only to liberally construe his petition but also to address the merits of his due process claim. Petitioner's objections are due to be overruled. Further, the court, having fully reviewed the report and recommendation entered in this cause on September 30, 2022, and being duly advised in the premises, finds that said report and recommendation should be adopted as the opinion of this court.

While Mosley also presented some clearly unexhausted claims in his petition,[1] Mosley's overarching complaint in his petition

---

[1] Mosley originally submitted a two-page, typed petition, wherein he generally stated that he had pursued administrative relief both formally and informally. In order to properly screen the filing, the magistrate judge ordered Mosley to complete, sign and file a form "Petition For A Writ of Habeas Corpus Under 28 U.S.C. § 2241." On that form, in addition to again complaining about the alleged lack of due process related

1

is that he did not receive due process in connection with the BOP's March 2020 decision to revoke his participation in the Elderly Offender Pilot Program (EOPP) following his February 29, 2020 arrest for driving under the influence (DUI). He contends that he was entitled to both notice and a hearing whereby he could refute the DUI charge against him. By his petition, Mosley seeks to be reinstated to home confinement and monetary damages for pain and suffering, as well as punitive damages. Mosley also filed a motion for injunctive relief in which he seeks the relief outlined in his petition, i.e., to be returned to home confinement.

---

to his return to prison following his DUI arrest, Mosley also charged that (1) his case manager at Yazoo City refuses to refer him for home confinement under the CARES Act, despite his preexisting health conditions; (2) his case manager coordinator has failed to either create or input data revealing the reason that he is ineligible for home confinement under either the CARES Act or the Elderly Offender Pilot Program; and (3) the head doctor at the facility has failed to comply with his request for information regarding his medical conditions. Although in response to questions posed by the court's § 2241 petition form, Mosley explicitly purported to have exhausted the due process issue through the BOP's administrative remedy process, neither this petition nor any of his other filings give so much as a hint that he has even attempted to administratively exhaust these grounds. Accordingly, these putative claims are not considered, given his failure to exhaust. See Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994) (per curiam)(providing that petitioner seeking relief under § 2241 must exhaust administrative remedies prior to presenting claims in federal court).

2

As the report and recommendation correctly points out, under governing Fifth Circuit authority, Mosley's petition is properly viewed as setting forth a Bivens claim and not a habeas claim.  See Melot v. Bergami, 970 F.3d 596, 599 (5th Cir. 2020)(concluding that petitioner's challenge to exclusion from EOPP "involves his conditions of confinement and is more properly brought as a Bivens action").[2]  Further, while Melot recognized that "judicial review may be appropriate" if a

---

[2]    The court is aware of Cheek v. Warden of Federal Medical Center, 835 F. App'x 737 (5th Cir. Nov. 24, 2020), an unpublished opinion issued two months after Melot in which the panel determined that a petition which sought a change from physical confinement in prison by being returned to home confinement under the EOP sounded in habeas, and was not a conditions of confinement claim.  To the extent Cheek contradicts Melot, this court is bound by the prior decision in Melot.  See Jacobs v. Nat'l Drug Intelligence Ctr., 548 F.3d 375, 378 (5th Cir. 2008) ("It is a well-settled Fifth Circuit rule of orderliness that one panel of our court may not overturn another panel's decision, absent an intervening change in the law, such as by a statutory amendment, or the Supreme Court, or our en banc court.").  Despite disagreeing with Melot as to the nature of the claim presented, the Cheek court did agree that a district court does not have authority to order that a petitioner be placed in home confinement and that the court's role is limited to reviewing an administrative decision of the BOP's interpretation of a statute.  Cheek, 835 F. App'x at 740 ("This provision does not grant a court the necessary power to order Cheek to be placed in home confinement.  It is the BOP and the Attorney General who have the discretion to consider the appropriateness of home release based on certain statutory and discretionary factors.  No inmate has a constitutional right to be housed in a particular place or any constitutional right to early release" and "[a] challenge to the BOP's or Attorney General's interpretation of the statute would make judicial review appropriate.").

prisoner "is challenging the Attorney General's or BOP's statutory interpretation of § 60541(g)," id. at 600, as the government points out, Mosley, who purports to have administratively exhausted, has provided the court with no administrative decision to review.[3]

Were return to home confinement the only relief that Mosley sought in his petition, the court might well conclude that dismissal of his Bivens claim would likewise be appropriate, as the Fifth Circuit in Melot made clear that release to home confinement is not within the court's power to grant. See Melot, 970 F.3d at 600 (recognizing that under statute establishing EOPP, only BOP "had authority to make that determination for purposes of Melot's eligibility for the Program" and the "statute does not give federal courts the power to do so"). However, as Mosley also seeks monetary damages, the court concurs with the report and recommendation that Mosely should be afforded an opportunity to bring a separate Bivens action. Here, the court is not persuaded that it would further the interests of justice to simply construe his petition as asserting a claim pursuant to Bivens. Allowing petitioner to prosecute this action based on the payment of the $5.00 filing

---

[3] The court makes no finding as to whether Mosley has properly exhausted his due process claim.

4

fee applicable to petitions for writ of habeas corpus instead of the $350.00 filing fee applicable to civil actions would allow petitioner to circumvent the filing fee requirements of the Prison Litigation Reform Act. See 28 U.S.C. § 1915.

Based on the foregoing, it is ordered that defendant's objections are overruled inasmuch as the magistrate judge did liberally construe Mosley's petition, recognizing that it should be Mosley's election to pursue it as a Bivens claim, and as the merits of any putative Bivens claim are not appropriately resolved in a habeas proceeding. It is further ordered that the report and recommendation of United States Magistrate Judge Robert P. Myers entered on September 30, 2022, be, and the same is hereby, adopted as the finding of this court. It follows that the petition is dismissed for lack of subject matter jurisdiction and Mosley's motion for injunctive relief is denied.

A separate judgment will be entered pursuant to Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED this 1st day of November, 2022.

                                       _/s/ Tom S. Lee_____
                                       UNITED STATES DISTRICT JUDGE